SEXTON, Judge.
Defendant was charged by Bill of Information with the crime of Distribution of a Controlled Substance, namely, Phencycli-dine (PCP), a Schedule I drug, in violation of LSA-R.S. 40:966. After trial by jury defendant was found guilty as charged on November 16,1982. On December 10,1982, he was sentenced to a fine of one thousand dollars and five years at hard labor. It is from this sentence that defendant appeals assigning as error the failure of the trial judge to meet the guidelines as set forth in LSA-C.Cr.P. Art. 894.1, and the excessiveness of his sentence.
The trial judge adequately complied with LSA-C.Cr.P. Art. 894.1 in articulating his reasons for sentencing. He noted defendant’s prior poor employment record, especially his notoriety for irresponsibility on the few jobs that he held. The trial judge found no dependents that would be hardsh-ipped by defendant’s incarceration. He further found no justification for defendant’s commission of the crime. In stating the aggravating circumstances, the trial judge felt that any lesser sentence would deprecate the seriousness of the offense, and that institutionalization was required as defendant has shown no self-restraint. The trial judge felt that in all probability defendant would likely commit another crime if not incarcerated.
Considering the above factors, we find no abuse of discretion by the trial judge in his particularization of a five year sentence and one thousand dollar fine to this defendant. Defendant’s assignments of error lack merit and the sentence appealed from is affirmed.
AFFIRMED.